### ESTATE OF ELIZA HASKELL.

No. 8382—October, 1878.

RES ADJUDICATA.—GRANT OF LETTERS OF ADMINISTRATION.—WHAT IS ADJUDICATED BY THE ORDER.—HEIRS NOT THEREBY PRECLUDED FROM SUBSEQUENT DENIAL. THAT THE ADMINISTRATOR IS NOT THE HUSBAND OF DECEDENT.

In granting letters, the only questions decided by the Court are, whether there is property; whether the Court has jurisdiction; and whether the party applying is competent.

When letters have been granted to a person, whether claiming the grant as heir or creditor, the question of heirship or of the validity of the claim as creditor, must be passed upon in an independent proceeding; there being no contest to act as an estoppel.

Construing section, C. C. P., 1365.

*C. H. Parker*, for Haskell, administrator.

*G. F. Sharp* and *J. C. McCeney*, for Volena E. Harrigan.

*J. M. Burnett*, for R. D. Scofield.

Heretofore, Haskell, as husband of deceased, applied for letters of administration, which were granted. After four months, R. D. Scofield petitioned for partial distribution, claiming the whole estate as sole heir at law, alleging himself to be the only child of deceased by a former marriage, and that the marriage with Haskell was void. Haskell answered the petition, alleging the grant of letters to him, and claims that all parties are now estopped from questioning his relationship; that the order of this Court granting letters to him is an adjudication for all purposes that he was the husband of deceased. Volena E. Harrigan demurred to the answer, and argument was had on the demurrer.

By the COURT: The object of the petition for and the grant of letters was to have an adjudication that the deceased had died, and that she left estate subject to administration

in this Court.   The existence and allegation of these facts, the requisite notice being given, gave the Court jurisdiction. The question as to who should be the administrator is quite another matter.   The administrator is but an officer of the Court.   The object of alleging that petitioner, was the husband, was for the purpose of showing that he had a right to administer, over all others.   The Court could have granted letters to him even if the petition had not alleged the relationship.   The question of relationship and the consequent right to succeed to a portion or the whole of the estate was not then in issue, and would not arise for purposes of succession until distribution be asked for.   By the notice which was given on application for letters, the attention was not challenged as to who should succeed or had succeeded to the estate; it was challenged only to the matter of having administration.   Suppose a creditor should apply for and obtain letters, would the grant be conclusive as to his debt, and he be under no necessity of having it allowed before payment?   By no means.

The demurrer is sustained.